AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

United States of America
v.

ALEX HENTIES

*Defendant(s)*

Case No. **1:26-mj-00735**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 20 and September 1, 2026 in the county of Hamilton in the Southern District of Ohio, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 875(c) | Interstate Communications with a Threat to Kidnap or Injure |
| 18 U.S.C. § 2261A(2) | Cyberstalking |

This criminal complaint is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

Devin Peugh

*Complainant's signature*

Devin Peugh, Special Agent, FBI

*Printed name and title*

Attested to by the applicant by reliable electronic means, specifically, FaceTime video conference, in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 09/10/2026

Stephanie K Bowman

*Judge's signature*

City and state: Cincinnati, Ohio

Stephanie K. Bowman, United States Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Devin Peugh, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint and arrest warrant for ALEX HENTIES ("HENTIES") charging him with violations of 18 U.S.C. § 875(c), Interstate Communications with a Threat to Kidnap or Injure, and 18 U.S.C. § 2261A(2), Cyberstalking. This affidavit is submitted for the limited purpose of demonstrating probable cause to issue a criminal complaint and arrest warrant and therefore I have not revealed each and every fact I know about this investigation.

2. I have been employed as a Special Agent of the Federal Bureau of Investigation ("FBI") since March of 2019 and am currently assigned to the Cincinnati Division. While employed by the FBI, I have investigated federal criminal violations related to narcotics, violent crime, cybercrime, and fugitives. I have gained experience through training and everyday work at the FBI to include interviewing techniques, arrest procedures, search and seizure, and investigative techniques. Additionally, I have experience utilizing confidential informants, toll records, GPS information, digital and social media search warrants, bank records, and other analytical procedures in furtherance of federal investigations. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts as set forth in this affidavit, there is probable cause to believe that the transmission of Interstate Threats to Kidnap or Injure, as well as Cyberstalking, in violation of Title 18, U.S.C., §§ 875(c) and 2261A(2), respectively, have been committed by HENTIES.

**PROBABLE CAUSE**

5. On or about July 21, 2026, an individual located in Missouri ("Victim-1") filed a report with FBI Cincinnati which alleged that an individual believed to be located in Cincinnati named Alex Henties ("HENTIES") had sent threatening messages to Victim-1 and to a company that Victim-1 owns and manages, which is also located in Missouri. In their report to the FBI, Victim-1 identified HENTIES' email address as alexhenties521@gmail.com ("the email account") and telephone number as "513-488-6595."

6. On or about July 23, 2026, your Affiant conducted a query of Ohio Bureau of Motor Vehicles records. These records identified HENTIES as a resident of Cincinnati, OH with a suspended Ohio driver's license. These records also identified HENTIES's date of birth as May 21, 19XX. This date of birth bears significance to the "521" numbers which appeared in the email account. Additionally, HENTIES' Ohio driver's license listed his address as 321 Locust Street, Cincinnati, OH 45216.

7. On or about July 27, 2026, law enforcement interviewed Victim-1 regarding the report Victim-1 made regarding HENTIES on July 21, 2026. During the interview, Victim-1 explained that Victim-1 was a relative of HENTIES and had received multiple threats from HENTIES over a financial dispute involving HENTIES of the course of approximately 15 years.

Victim-1 had not spoken with HENTIES in approximately 15 years and indicated the communication with HENTIES was one-sided, with HENTIES engaging with Victim-1.

8. Victim-1 further explained that, in approximately May or June 2026, HENTIES, using the telephone number 513-488-6595 (hereinafter, "Phone-1"), contacted Victim-1's spouse. HENTIES left Victim-1's spouse a voicemail in which HENTIES stated he would kill Victim-1. Victim-1 contacted the local police department after this incident and was advised the local police department had spoken with HENTIES regarding the incident.

9. On or about July 20, 2026, HENTIES used the email account to contact the company owned by Victim-1 via email and an online messaging platform hosted through the company's website multiple times. Victim-1 provided copies of these messages to law enforcement, which are included below:

a. July 20, 2026 at 1:36am (CST): "I plan on killing [Victim-1, referenced by their first name]" ("Message-1").

b. July 20, 2026 at 1:44am (CST): "I plan on killing [Victim-1, referenced by their name]" ("Message-2").

c. July 20, 2026 at 1:45am (CST): "Why does [Victim-1, referenced by first name] think I will allow [them] to live?" ("Message-3").

10. Victim-1 stated that Message-1, Message-2, and Message-3, in addition with past communications from HENTIES placed Victim-1 in fear of death or serious bodily injury based on the concern that HENTIES may follow through with these threats to harm Victim-1.

11. On or about July 23, 2026, HENTIES used Phone-1 to call Victim-1's company. When the call went unanswered, HENTIES left the following voicemail: "This is Alex Henties

calling for [Victim-1]. It is urgent [they] call me at 513-488-6595. I will give [them] one chance to make contact with me."

12. Your Affiant obtained a police report from St. Louis County Police Department from March 24, 2024. This report documented a similar incident reported by Victim-1 and one of Victim-1's employees who was a witness. HENTIES called Victim-1's company and stated to the employee who answered the phone, "Tell him I'm going to come kill him."

13. On July 31, 2026, United States Magistrate Judge Stephanie K. Bowman, of the Southern District of Ohio issued a search warrant (1:26-mj-619) for records from T-Mobile for Phone-1. This warrant also authorized investigators to collect location data from the cell phone provider and to Phone-1 using technology designed to determine the physical location of electronic communications devices. In response to this search warrant, T-Mobile provided historical call records for Phone-1. Your Affiant reviewed these records and observed one call on July 23, 2026, from Phone-1 to a telephone number associated with Victim-1's company. On August 4, 2026, location information provided by T-Mobile indicated Phone-1 was in the approximate vicinity of 321 Locust Street. At the same time, your Affiant observed HENTIES outside of 321 Locust Street. HENTIES departed the 321 Locust Street shortly after, and the location information for Phone-1 reflected this departure.

14. On or about August 6, 2026, United States Magistrate Judge Karen L. Litkovitz, of the Southern District of Ohio issued a search warrant (1:26-mj-632) for records from Google for the email account. The subscriber information received from Google for the alexhenties521@gmail.com account identified the subscriber name on the account as "Alex

Henties", with a subscriber date of birth as May 21, 19XX. The account had six telephone numbers associated with the account, including Phone-1.

15. Email inbox records received from Google for the email account included both Message-1 and Message-2. These records indicated Message-1 and Message-2 were sent from the email account. Additionally, these email records contained one email from Home Depot to the email account which contained a receipt for an online order. The receipt listed "Alex Henties" as the customer, with the email account as the listed email address, and Phone-1 as the telephone number.

16. Your Affiant identified an email sent from the email account to St. Clement Parish in Cincinnati, sent on July 20, 2026. In the email, HENTIES requested financial assistance with paying his rent and identified his address as being 321 Locust Street. Additionally, your Affiant identified an email sent by Hamilton County Public Health to the email account. The email contained a Notice of Violation regarding an RV which was parked at the 321 Locust Street in violation of Ohio Administrative Code.

17. Your Affiant reviewed the Search History records received from Google. During that review, your Affiant observed the following sequence of online searches and Internet activity on or about March 27, 2025, in a time frame of approximately 10 minutes:

a. Searched - Victim-1's full name

b. Visited – Website affiliated with Victim-1's company

c. Visited – Victim-1's profile on LinkedIn

d. Searched – "looking for a murder tonight we murder"

e. Searched – "how do you clean a pistol"

f. Visited – https://www.hoppes.com/ho-blog-new-gun-owners/ho-blog-5-steps-to-

proper-handgun-cleaning.html[1]

18. On or about September 1, 2026, Victim-1 contacted Your Affiant and reported that Victim-1's company received another email threat addressed to Victim-1 from HENTIES. The email, sent from the email account, used Victim-1's name in the subject line and contained the following text:

a. "I Alex Henties plan on murdering him as soon as possible where are my royalties leaving me puss [sic] broke I plan on killing him thanks you." ("Message-4.")

19. On or about September 1, 2026, Your Affiant interviewed Victim-1 regarding Message-4. Victim-1 indicated that Victim-1 had not had contact with HENTIES between HENTIES sending Message-3 and Message-4. Victim-1 also stated that Message-4 caused Victim-1 additional fear of death or serious bodily injury from HENTIES based on HENTIES's use of the phrase "plan on murdering him."

20. Based on evidence obtained as a result of this investigation, I believe probable cause exists that HENTIES transmitted multiple communications threatening to kill Victim-1, in violation of Title 18, U.S.C., §§ 875(c) and 2261A(2).

**REQUEST FOR SEALING**

21. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution,

[1] An archived version of the link from April 5, 2025, is available at this link: https://web.archive.org/web/20250405222643/https://www.hoppes.com/ho-blog-new-gun-owners/ho-blog-5-steps-to-proper-handgun-cleaning.html.

destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

Respectfully submitted,

Devin Peugh
Devin Peugh
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me by reliable electronic means, specifically, FaceTime video conference, in accordance with the requirements of Fed. R. Crim. P. 4.1, on September 10, 2026.

Stephanie K Bowman

STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE